UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN A. CUNNINGHAM,

    Plaintiff,

v.                                        Case No. 8:20-cv-2816-KKM-TGW

SOUTHWEST AIRLINES,

    Defendant.
_____

**ORDER**

    Due to counsel's errors, Plaintiff Robin A. Cunningham failed to timely respond to Defendant Southwest Airlines' Motion to Dismiss or Transfer Venue. *See* (Doc. 13). In the light of her silence, this Court granted the motion to dismiss based on Cunningham's failure to file her complaint within the required ninety-day filing period upon receipt of the right-to-sue notice from the EEOC. (Doc. 22). Counsel for Cunningham then filed belated motions: one for leave to file an out of time response in opposition to Southwest's Motion to Dismiss, (Doc. 23), and another motion for leave to file a reply in support of its out of time motion, (Doc. 25). The Court granted Cunningham's first motion, which it construed as a motion under Federal Rule of Civil Procedure 60(b), concluding that Cunningham had demonstrated "excusable neglect" through the negligence or carelessness of her counsel to monitor the docket. (Doc. 27). But the Court also concluded that Southwest was entitled to reasonable attorneys' fees

and costs for having to respond to the out-of-time motions. (Doc. 28). The Court ordered the parties to confer about the appropriate amount; if they could not reach an agreement, Southwest was required to file a motion for attorneys' fees. *Id.*

Per the Court's earlier order, Southwest moves for attorneys' fees associated with it filing responses in opposition to Cunningham's untimely motions. (Doc. 32). Cunningham opposes the award of fees on the erroneous basis that its motions were properly before the Court, (Doc. 41)—fair enough in that Cunningham used the appropriate procedures to ask the Court to reconsider its earlier ruling in the light of counsel's lack of diligence. But counsel's failures caused the Court and opposing counsel to expend unnecessary time calculating whether Cunningham's lawsuit was untimely. It turns out that Cunningham's complaint was timely, although not for the reason that her counsel now contends. As explained below, had counsel diligently monitored the docket and filed proof of receipt of the EEOC right-to-sue letter, the Court could have expeditiously addressed Southwest's motion. Instead, the lawsuit is now seven-months old and remains in its infancy.

The assessment of attorneys' fees stems from courts inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). And a federal court may "invoke its inherent power when necessary to protect its ability to function." *In re Novak*, 932 F.2d 1397, 1406 (11th Cir. 1991). The Court finds it necessary here. Cunningham's counsel nearly cost his client her entire case. Indeed, the Court had

already dismissed her lawsuit when he filed his motion for reconsideration under Rule 60(b) (counsel termed it one under Rule 6(b), despite the case already having been closed). *See* (Docs. 22 & 23).

Nonetheless, the Court agrees with Cunningham that, applying the lodestar method, a modest reduction in the requested fees is warranted based on the number of hours expended. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 2199 (11th Cir. 1988) (applying the lodestar method and explaining that "the starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate"). Southwest seeks reimbursement for a total of 19.4 hours of research and drafting for its responses to Cunningham's two out of time motions—16.2 hours for Ms. Garcia and 3.2 hours for Ms. Hernandez-Venegas. (Doc. 32 & 40). The Court finds that length longer than reasonably necessary given that much of the responses included previously filed materials. It therefore reduces the time spent by Ms. Garcia to 12 hours, making the total time spent 15.2 hours. However, the Court finds that the rates of Ms. Hernandez-Venegas ($245 per hour) and Ms. Garcia ($365 per hour) are imminently reasonable based on their experience and the relevant legal markets. Southwest filed an affidavit from Ms. Garcia documenting the above. (Doc. 40, Exhibit 1). The Court concludes that 3.2 hours by Ms. Hernandez-Venegas at $245 per hour and 12 hours by Ms. Garcia at $345 per hour constitutes a reasonable amount and awards Southwest a total of $4,924 in attorneys' fees.

The Court is now back in the position of addressing Southwest's original motion to dismiss and motion to transfer venue with the benefit of Cunningham's response. (Docs. 13 & 30). As intimated above, the Court now vacates its earlier order dismissing her complaint as untimely, (Doc. 22), and concludes that Cunningham's complaint was timely. But not because of her counsel's representations that the three-day presumption for mailing made August 28, 2020, the operative start date and therefore November 30, 2020, the operative deadline. *See* (Doc. 30 at 10). That calculation is wrong for the reasons the Court already explained in its earlier order. *See* (Doc. 22 at 3) (explaining that November 30, 2020, is ninety-seven days after issuance of letter and therefore four days late even with benefit of three days for mailing).

Instead, Cunningham now attaches her right-to-sue notice for the first time, which shows that Cunningham received the letter on September 1, 2020, (Doc. 30-1 at 2), thereby making the deadline to file suit November 30, 2021—the date on which Cunningham filed her complaint.. And this September 1, 2020 date-stamp trumps the presumptive three-day mailing rule in the absence of proof of actual receipt. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) ("[G]enerally . . . statutory notification is complete only upon actual receipt of the right to sue letter."). Therefore, Cunningham has now satisfied her burden of establishing that the complaint was timely filed. *See Green v. Union Foundry Co.*, 281 F.3d 1229, 1233–34 (11th Cir. 2002) (explaining that once the defendant contests the issue of whether the plaintiff's complaint was

4

timely filed, "the plaintiff has the burden of establishing that he met the ninety day filing requirement").

Southwest raises a host of other reasons to dismiss, but the Court grants Southwest's motion to transfer venue, (Doc. 13), concluding that the federal district where the acts forming the basis of Cunningham's complaint is better situated to address these remaining arguments for dismissal in the first instance. *See* 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." "The purpose of the section is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "In order to overcome the presumption in favor of [the p]laintiff's choice of forum, the movant must show the balance of convenience is strongly in favor of the transfer." *Sterling v. Provident Life and Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1205 (M.D. Fla. 2007) (citation omitted). The Court concludes that Southwest does so here.

As an initial matter, the Court determines that the action could have been brought in the District of Puerto Rico. 28 U.S.C. § 1404(a); *see Delorenzo v. HP Enter.*

*Servs., LLC*, 79 F. Supp. 3d 1277, 1280 (M.D. Fla. 2015). The District of Puerto Rico has subject matter jurisdiction over Cunningham's claims—which are based on Title VII of the Civil Rights Act of 1964, *see* (Doc. 1), and arise under federal law under 28 U.S.C. § 1331—and has personal jurisdiction over Southwest, considering that Southwest purposefully availed itself of the forum and its market and Cunningham's claims relate to Southwest's contacts with Puerto Rico, specifically Cunningham's employment with Southwest Airlines while in Puerto Rico, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021). And the District of Puerto Rico offers a proper venue because "a substantial part of the events or omissions giving rise to the claim[s] occurred" there. 28 U.S.C. § 1391(b)(2).

Additionally, after considering the relevant factors and whether transfer advances the convenience of the parties and witnesses and the interest of justice, the Court finds that transfer is warranted. A district court may consider the following factors when determining whether to transfer a case: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Delorenzo*, 79 F. Supp. 3d at 1281. As Southwest rightly notes, none of the alleged events and omissions occurred in the Middle District

6

of Florida—they all arose in Puerto Rico. *See id.* § 1391(b)(2) (allowing a civil action to be brought where "a substantial part of the events or omissions giving rise to the claim occurred"). Except for Cunningham who presumably moved recently to Florida, the relevant witnesses work and live in Puerto Rico. And Cunningham admits that "[i]t is undisputed that a number (perhaps a majority) of the records that would be sought in this case are located in Puerto Rico." (Doc. 30 at 8). It would certainly be most convenient for the majority of witnesses if the suit occurred in the district where they reside and where the record evidence exists. The Court therefore grants the motion to transfer to the United States District Court for the District of Puerto Rico. *See also* 28 U.S.C. § 1406(a).

Accordingly, it is **ORDERED**:

(1) The Court **VACATES** its earlier order dismissing this case. (Doc. 22).

(2) The Court **GRANTS** Defendant Southwest Airlines' Motion for Attorneys' Fees. (Doc. 32). Counsel for Cunningham shall remit to Southwest **$4,924**, which represents Southwest's reasonable attorneys' fees incurred in the preparation and filing of responses to Cunningham's untimely motions. Because the fault is solely attributable to Cunningham's counsel, the Court prohibits counsel from charging or billing Robin A. Cunningham for the attorneys' fees owed to Southwest.

(3) The Court **GRANTS-IN-PART** Defendant Southwest Airlines' Motion to Transfer and to Dismiss. (Doc. 13). The Clerk is directed to **TRANSFER** this case to the United States District Court for the District of Puerto Rico for all

7

further proceedings, including resolution of the remaining issues related to dismissal.

(4) The Clerk is directed to terminate any pending deadlines or motions and to keep this case closed.

**ORDERED** in Tampa, Florida, on July 10, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge